

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD VENTO, ET AL,

                  Plaintiffs,
- against -

HANDLER, THAYER, & DUGGAN, ET AL,

                  Defendants.

ORDER

12 Misc. 288

PAUL G. GARDEPHE, U.S.D.J.:

    In this action pending in the United States District Court for the Virgin Islands, Plaintiffs plead claims of, inter alia, attorney malpractice, fraud, and racketeering against Defendant Handler, Thayer & Duggan, LLC ("Handler") and a number of offshore insurers and trusts related to Plaintiffs' investment losses.

    On August 23, 2012, Handler served a document subpoena, issued by the United States District Court for the Southern District of New York, on non-party Morgan Stanley Smith Barney-Irwin Crawford, requesting production of documents at 1 East Wacker, Suite 1700, Chicago, IL, 60601. On August 25, 2012, Plaintiffs moved to quash the subpoena pursuant to Fed. R. Civ. P. 45(c)(2)(B), (d)(2). On August 27, 2012, Plaintiffs' motion was referred to this Court as a Part I matter. For the reasons stated below, Plaintiffs' motion to quash will be denied.

    "'In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence'" should be discoverable. Strougo v. BEA Assocs., 199 F.R.D. 515, 519 (S.D.N.Y. 2001) (quoting Morrissey v. City of New York, 171 F.R.D. 85, 88 (S.D.N.Y. 1997)). "Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003). "A party moving to quash a subpoena has a

1

burden of proof." Freydl v. Meringolo, No. 09 Civ. 07196 (BSJ) (KNF), 2011 WL 1344368, at *2 (S.D.N.Y. Mar. 31, 2011) (citing Jones v. Hirschfeld, 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003)); see also Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

In moving to quash, Plaintiffs argue that (1) the subpoena is defective because it was issued from the incorrect court; (2) the subpoena seeks information that is protected by the attorney-client privilege; and (3) the subpoena is overbroad. This Court will discuss these arguments in turn.

As to Plaintiffs' issuing court argument, Plaintiffs are correct that "[o]rdinarily, in the case of a subpoena for the production of documents alone, that court [issuing the subpoena] would be 'the court for the district where the production or inspection is to be made.'" Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 95 (2d Cir. 2006) (citing Fed.R.Civ.P. 45(a)(2)). In this case, the district of production is the Northern District of Illinois. There is also authority, however, indicating that "[a] subpoena for production of documents must issue from the district where the documents are located." Lent v. Signature Truck Systems, Inc., 2010 WL 1707998, at * 5 (W.D.N.Y. Apr. 26, 2010)

Assuming that the district of production controls, Handler reissued its subpoena on August 29, 2012, requesting production at 211 East 43rd Street, Suite 2203, New York, NY 10017. (See Def. Opp., Ex. B) Plaintiffs argue that this new subpoena is facially defective because it was served improperly, gave only two days for the production of documents, and did not contain the "Attached Rider" referenced in the subpoena. Plaintiffs lack standing to object to these defects, however. Langford v. Chrysler MotorsCorp., 513 F. 2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.").

Plaintiffs' claim that the documents sought in the subpoena are protected by the attorney-client privilege is not supported by either facts or argument. Morgan Stanley Smith Barney is not a law firm, nor do Plaintiffs assert that Irwin Crawford is an attorney. The fact that Morgan Stanley Smith Barney "has worked for and with the Plaintiffs in connection with many and various sensitive financial matters" (Pltf. Br. ¶ 12) does not demonstrate that it is holding communications protected by the attorney-client privilege. Moreover, there is no basis for this Court to conclude that communications in the possession of non-attorney investment advisors are protected by the attorney-client privilege. See In the Matter of Grand Jury Subpoenas, April 19, 1978, 451 F. Supp. 969, 971 (2d Cir. 1978) ("It is by now axiomatic that the burden of establishing the existence of the attorney-client relationship rests on the party claiming the privilege.") To the extent Plaintiffs are claiming that the subpoena calls for production of communications between Plaintiffs and Handler, in asserting claims for attorney malpractice, Plaintiffs likely waived the privilege as to these communications. See Deutsche Bank Trust Co. of Ams. v. Tri–Link Inv. Trust, 43 A.D.3d 56, 63 (1st Dep't 2007) ("at issue" waiver occurs "where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information") In any event, Plaintiffs have not demonstrated that Morgan Stanley is holding any material – responsive to the subpoena – that is protected by the attorney-client privilege.

Finally, Plaintiffs' argument that the subpoena is overbroad is unavailing. "'In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence'" should be discoverable. Strougo v.

3

BEA Assocs., 199 F.R.D. 515, 519 (S.D.N.Y. 2001) (quoting Morrissey v. City of New York, 171 F.R.D. 85, 88 (S.D.N.Y. 1997)).  In this action, Plaintiffs seek to recover against Handler and a number of offshore insurers and trusts for investment losses they suffered.  In the subpoena, Handler seeks communications relating to financial transactions that are the subject matter of the action pending in the Virgin Islands.  It seems clear that a request for documents related to the investment advice provided to Plaintiffs in connection with these transactions is "reasonably calculated to lead to the discovery of admissible evidence."

Accordingly, Plaintiffs' motion to quash Defendants' August 23, 2012 subpoena is denied.  Defendant Handler is directed to serve a new, complete subpoena on the third party.

Dated:  New York, New York
        September 17, 2012

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
Part I

4